IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) | |
| Plaintiff, ) ) | CIVIL ACTION NO. |
| v. ) ) | |
| DAWES COUNTY, NEBRASKA, ) ) | |
| Defendant. ) | **JURY TRIAL DEMANDED** |

## COMPLAINT

### NATURE OF THE ACTION

This is an action under the Age Discrimination in Employment Act of 1967, as amended, to correct unlawful employment practices on the basis of age and to provide appropriate relief to Russell Hack, whose employment was terminated by the Defendant, because of his age, seventy (70).

### JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626(b) (the "ADEA"), which incorporates by reference Sections 16(c) and 17 of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. §§ 216(c) and 217 .

2.  The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Nebraska.

**PARTIES**

3.      Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of the ADEA and is expressly authorized to bring this action by Section 7(b) of the ADEA, 29 U.S.C. § 626(b), as amended by Section 2 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

4.      At all relevant times, Defendant, Dawes County (the "County"), has continuously been a political subdivision of the State of Nebraska.

5.      At all relevant times, Defendant has continuously been an employer within the meaning of Section 11(b)(2) of the ADEA, 29 U.S.C. §§ 630(b)(2).

**CONCILIATION**

6.      Prior to institution of this lawsuit, the Commission's representatives attempted to eliminate the unlawful employment practices alleged below and to effect voluntary compliance with the ADEA through informal methods of conciliation, conference and persuasion within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

**STATEMENT OF CLAIMS**

7.      Since at least June 1, 2006, Defendant engaged in unlawful employment practices in violation of Section 4 of the ADEA, 29 U.S.C. § 623(a)(1) by implementing a test which only employees age 70 and older were required to take and by discharging the Charging Party on October 25, 2006, from his position in the Dawes County Roads Department because of his age. In June 2006, Defendant instituted a policy requiring all employees age 70 and older in the Roads

Department to take a stress test in order to keep their jobs. At that time, Russell Hack was the only employee in the Roads Department over the age of 70. Hack was forced to retire and his employment was terminated when his Supervisor told him he knew Hack could not pass such a test.

8. The effect of the practices complained of in paragraph 7 above has been to deprive Russell Hack of equal employment opportunities and otherwise adversely affect his status as an employee, because of his age.

9. The unlawful employment practices complained of in paragraph 7 above were willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

### PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns and all persons in active concert or participation with it, from forcing its employees into retirement, or discharging them because of age, and any other employment practice which discriminates on the basis of age against individuals 40 years of age and older.

B. Order Defendant to institute and carry out policies, practices and programs which provide equal employment opportunities for individuals 40 years of age and older, and which eradicate the effects of its past and present unlawful employment practices.

C. Grant a judgment requiring Defendant to pay appropriate back wages in an amount to be determined at trial, an equal sum as liquidated damages, and prejudgment interest to Russell Hack, whose wages are being unlawfully withheld as a result of the acts complained of

above.

    D.    Order Defendant to make whole all individuals adversely affected by the unlawful practices described above, by providing the affirmative relief necessary to eradicate the effects of its unlawful practices, including but not limited to rightful-place reinstatement for Russell Hack or front pay in lieu of reinstatement.

    E.    Grant such further relief as the Court deems necessary and proper in the public interest.

    F.    Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

RONALD S. COOPER
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

JEAN P. KAMP
Acting Regional Attorney


/s/ Barbara A. Seely
BARBARA A. SEELY
Supervisory Trial Attorney

/s/ Michelle M. Robertson
MICHELLE M. ROBERTSON
OBA#14084
Senior Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Oklahoma City Area Office
215 Dean A. McGee Ave., Ste. 524
Oklahoma City, OK 73102
(405) 231-4363 (telephone)
(415) 231-5816 (facsimile)
michelle.robertson@eeoc.gov