IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | 8:07CV376 |
| vs. | ) ) | ORDER |
| DAWES COUNTY, NEBRASKA, | ) ) | |
| Defendant. | ) | |

This matter is before the court on the plaintiff's Motion for Leave to Serve More Than Twenty-Five Interrogatories (Filing No. 17).[1] The plaintiff filed a brief (Filing No. 18) and an index of evidence (Filing No. 19) in support of the motion. The defendant filed a brief (Filing No. 21) and an index of evidence (Filing No. 22) in opposition to the motion. The plaintiff did not file a reply.

## BACKGROUND

Russell Hack (Hack) was employed by the defendant, the Dawes County Roads Department, until October 25, 2006. **See** Filing No. 1 - Complaint ¶ 7. In June 2006, the defendant instituted a policy requiring all employees age 70 and older to take a stress test. *Id*. At that time, Hack was the only employee with the department who was at or over the age of 70. *Id*. When Hack's supervisor told him he knew Hack could not pass a stress test, Hack retired. *Id*.

The plaintiff seeks to correct unlawful employment practices on the basis of age and to provide relief to Hack, by filing this action under the Age Discrimination in Employment Act of 1967 (ADEA), as amended, 29 U.S.C. § 626(b), which incorporates by reference Sections 16(c) and 17 of the Fair Labor Standards Act of 1938 (FLSA), as amended, 29

---

[1] As a convenience, this document contains certain cross-document hyperlinks to documents previously filed in this case. This document also contains links to the Nebraska local rules and legal citation from the federal reporters. The hyperlinked documents appear in blue underlined text. Except with regard to the local rules, access to the hyperlinked material is subject to fees pursuant to user agreements. The hyperlinks may be accessed without PACER fees by use of the public computer terminal in the Clerk's office.

U.S.C. §§ 216(c) and 217.  **See** *id.*  The plaintiff asks the court to grant an injunction preventing the defendant from forcing its employees into retirement or discharging employees because of age.  *Id.* at p. 3.  Also, the plaintiff prays the court will require the defendant to carry out policies, practices and programs which provide equal employment opportunities for individuals 40 years and older.  *Id.*  The plaintiff seeks damages for Hack including appropriate back wages with interest, and reinstatement, or front pay in lieu of reinstatement.  *Id.*

The plaintiff served the defendant with interrogatories on February 12, 2008.[2]  **See** Filing No 18 - Brief p. 1.  The defendant served a response on March 12, 2008.  **See** Filing No. 15 - Certificate of Service.  The defendant answered Interrogatory Nos. 1-4, but objected to the remaining interrogatories as exceeding twenty-five.  **See** Filing No. 19, Ex. A - Interrogatories.  The plaintiff and the defendant conducted a discovery conference on April 9, 2008, but the defendant refused to respond to any additional interrogatories.  **See** Filing No. 22, Ex. 1 - Affidavit ¶¶ 3-5.

The plaintiff states the number of interrogatories arguably exceeds twenty-five, but argues the additional interrogatories are relevant to the claims and defenses in the case.  **See** Filling No. 18 - Brief p. 1.  The plaintiff argues the interrogatories are fully consistent with the principles of Fed. R. Civ. P. 26(b)(2)(C), the information sought is neither cumulative nor duplicative, the plaintiff has not had other opportunities to obtain the information, and the interrogatories create no undue burden on the defendant.  **See** *id.* at p. 2-3.  The plaintiff voluntarily withdraws interrogatory number five.  *Id*. at p. 1.

The defendant argues the plaintiff served a total of seventy-four (74) separate interrogatories, forty-nine (49) over and above the twenty-five allowed by the court.  **See** Filing No. 22, Ex. 1 - Affidavit ¶ 4.  The defendant argues the plaintiff may obtain any additional information it thought necessary from the ten depositions scheduled during the week of June 9, 2008.  *Id*. ¶ 6.  The defendant asserts it would be unduly burdened by being required to respond to the excessive interrogatories because the information is

---

[2] NECivR 33.1(e) provides: "The demanding party, upon serving interrogatories, shall file a certificate of service."  The plaintiff failed to file a certificate of service.  However, because the date for service is uncontested, for purposes of these proceedings, the court will accept the date in the brief as accurate.

duplicative and cumulative, and it could be obtained from a more convenient source, i.e., the depositions during the week of June 9, 2008. *Id*. at 7. Also, the defendant argues it has provided the plaintiff with everything it has with respect to this lawsuit, and the defendant is willing to provide a Rule 30(b)(6) witness during the week of June 9, 2008, in order to provide the plaintiff with another opportunity to obtain the information. *Id*.

## ANALYSIS

Federal Rule of Civil Procedure 33 provides:

> Unless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts. Leave to serve additional interrogatories may be granted to the extent consistent with Rule 26(b)(2).

Fed. R. Civ. P. 33(a)(1).

In this case the parties dispute the number of interrogatories and whether the plaintiff has justification for expansion of the standard limitation. The manner used to count interrogatories is suggested in the rule.

> Parties cannot evade this presumptive limitation through the device of joining as "subparts" questions that seek information about discrete separate subjects. However, a question asking about communications of a particular type should be treated as a single interrogatory even though it requests the time, place, persons present, and contents be stated separately for each such communication.

Fed. R. Civ. P. 33, advisory committee's note (1993).

The court has provided some assistance to counsel through the Civil Rules of the United States District Court for the District of Nebraska (Nebraska Civil Rules). NECivR 33.1(c) states:

> For purposes of determining the number of interrogatories, including sub-questions, each inquiry that endeavors to discover a discrete item of information shall be counted as a separate interrogatory. For example, a question which states: "Please state the name, address, and telephone number of any witness to the accident set forth in the complaint" shall be counted as three (3) interrogatories.

3

Federal courts have also provided some guidance on the manner used to count interrogatories. "Once a subpart of an interrogatory introduces a line of inquiry that is separate and distinct from the inquiry made by the portion of the interrogatory that precedes it, the subpart must be considered a separate interrogatory no matter how it is designated." *Willingham v. Ashcroft*, 226 F.R.D. 57, 59 (D. D.C. 2005)). Stated another way, "[s]ubparts count as one interrogatory if 'they are logically or factually subsumed within and necessarily related to the primary question.'" *Waterbury v. Scribner*, No. 1:05CV764, 2008 WL 2018432, *2 (E.D. Cal. May 8, 2008).

> Probably the best test of whether subsequent questions, within a single interrogatory, are subsumed and related, is to examine whether the first question is primary and subsequent questions are secondary to the primary question. Or, can the subsequent question stand alone? Is it independent of the first question? Genuine subparts should not be counted as separate interrogatories. However, discrete or separate questions should be counted as separate interrogatories, notwithstanding [that] they are joined by a conjunctive word and may be related.

*Waterbury*, 2008 WL 2018432, *2 (alteration in original) (**quoting** *Kendall v. GES Exposition Servs., Inc.*, 174 F.R.D. 684, 685-86 (D. Nev. 1997)); **see also** *Williams v. Board of County Com'rs*, 192 F.R.D. 698, 701 (D. Kan. 2000) ("subparts directed at eliciting details concerning the common theme should be considered a single question") (**quoting** 8A CHARLES A. WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE § 2168.1, at p. 261 (2d ed. 1994)); Fed. R. Civ. P. 33, advisory committee notes.

Similar to Fed. R. Civ. P. 33, this court and the parties' own recommendation limited the number of interrogatories to twenty-five (25). **See** Filing No. 11 - Order; Filing No. 10 - Planning Report. In this case, the plaintiff propounded sixteen (16) separately numbered interrogatories. **See** Filing No. 19, Ex. A - Interrogatories. The court counted the interrogatories pursuant to Rule 33, NECivR 33.1(c) and the guidance provided by case law. There can be little dispute the interrogatories are nearly three times the number allowed. Accordingly, the court must determine whether legal justification exists to grant the plaintiff leave to serve (or compel the defendant's response to the previously served) interrogatories in excess of those allowed.

4

The plaintiff must show good cause exists for granting leave to modify the scheduling order by increasing the number of interrogatories allowed. "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). However, leave "may be granted to the extent consistent with Rule 26(b)(2)." Fed. R. Civ. P. 33(a)(1). Rule 26(b)(2) requires limits on discovery where the court determines: "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i). The court must also consider if the "burden or expense of the proposed discovery outweighs its likely benefit . . ." *Id.* It is reasonable to conduct deposition discovery in lieu of excessive interrogatories. See *Duncan v. Paragon Pub., Inc.*, 204 F.R.D. 127, 128-29 (S.D. Ind. 2001) (holding plaintiffs failed to meet burden of particularized showing of need to serve excess interrogatories where deposition was readily available means).

The plaintiff cannot meet the burden to show good cause exists. The parties have scheduled depositions for the week of June 9, 2008. The defendant proposes the plaintiff may obtain much of the discovery sought through the extra interrogatories during the depositions. The defendant offered to provide a Rule 30(b)(6) witness during the depositions and does not dispute the relevance of the information sought. The depositions which will take place regardless of written discovery provide the plaintiff with a convenient and relatively less burdensome and less expensive forum. It appears the information the plaintiff seeks is factual information which could easily be obtained during the planned depositions. The plaintiff admits the information must come from the defendant's documents and personnel. **See** Filing No. 18 - Brief p. 2. The opportunity to depose the defendant pursuant to Rule 30(b)(6) should alleviate most of the plaintiff's concerns. This should provide the plaintiff with the opportunity to obtain most, if not all, the information it seeks from the additional interrogatories. The court finds requiring the defendant to answer the additional interrogatories at this time would be duplicative of the depositions and unnecessary. While it may not have initially been an undue burden for the defendant to complete the additional interrogatories, it is within the defendant's prerogative under the rules to refuse to answer more than twenty-five. However, in the interest of full discovery,

should the depositions prove insufficient to allow the plaintiff an opportunity to obtain all the information it seeks, the plaintiff may again petition the court for leave to serve additional interrogatories.  Under those circumstances, the plaintiff will have evidence to support the position and be better able to show good cause exists to expand the number of interrogatories.  Upon consideration,

**IT IS ORDERED:**

The plaintiff's Motion for Leave to Serve More Than Twenty-Five Interrogatories (Filing No. 17) denied, without prejudice.

DATED this 19th day of June, 2008.

BY THE COURT:

 s/ Thomas D. Thalken
United States Magistrate Judge