IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | 8:07CV376 |
| Plaintiff, | ) ) | |
| v. | ) ) | MEMORANDUM AND ORDER |
| COUNTY OF DAWES, Nebraska, | ) ) ) | |
| Defendant. | ) ) | |

This matter is before the court on the plaintiff's motion for partial summary judgment (Filing No. 34) and defendant's amended motion for summary judgment (Filing No. 43). Upon review of the record and applicable law, plaintiff's motion is denied as moot and defendant's motion is denied on the merits.

## FACTUAL BACKGROUND

The plaintiff Equal Employment Opportunity Commission ("EEOC") brings this action under the Age Discrimination in Employment Act of 1967 ("ADEA"), as amended, to correct alleged unlawful employment practices on the basis of age and to provide appropriate relief to Russell Hack ("Hack"), whose employment the defendant allegedly terminated or constructively discharged through forced retirement. Filing No. 1.

Hack began working with the Dawes County Road Department on April 1, 1975. Deposition of Russell Hack ("Hack Dep."), Filing No. 39, Exh. No. 1 at 6:10-12. While employed by Dawes County, Hack initially worked as a road grader operator and later worked as a heavy equipment operator. Hack Dep. at 6:21-25. Hack maintained roads, filled in washouts, and preserved county road signs. Hack Dep. at 9:12-17.

On June 14, 2006, Hack's supervisor, Ross Finneman ("Finneman"), stopped by his house to assist him with some battery problems he had encountered with his road grader. Hack Dep. at 41:02-13.  At that time, Finneman told Hack "everybody over 70 had to pass [a] stress test" to keep their job with the County.  Hack Dep. at 41:17-22.  At that point in time, no other individual over the age of 70 worked for Dawes County other than Hack. Filing No. 1 at ¶ 7.  According to Hack, Finneman didn't think Hack could pass the stress test, so he told Hack he should "just as well quit."  Hack Dep. at 41:24-25.  That evening, Hack discussed the situation with his wife and later called Finneman to ask him if he could continue working until the end of October.  Hack Dep. at 42:21-43:04.  Hack alleges that Finneman agreed to this, and consequently, Hack worked his last day of work on October 26, 2006.  Hack Dep. at 43:08-17.

The defendant asserts that Hack voluntarily retired on October 25, 2006, and attended a retirement party held in his honor.  Filing No. 38 at 3.  The plaintiff disputes the defendant's factual assertion that Hack voluntarily retired, stating that "Hack thought he had no choice, Finneman was the foreman, and Hack believed he had to follow his supervisor's order to quit or retire." Filing No. 49 at 10. Hack further alleges that Finneman planned his retirement party, but Hack did not want to attend because he felt he had been forced to retire.  Filing No. 49 at 10.

Dawes County replaced Hack with James Elder, who at the age of 51, is 20 years younger than Hack.  *See* Deposition of James Elder ("Elder Dep."), Filing No. 50, part 11, Exh. No. 9.

On February 14, 2007, Hack completed his charge of discrimination alleging that Dawes County had discriminated against him on the basis of age.  Filing No. 50, Exh.

No. 1. Pursuant to the worksharing agreement between the Nebraska Equal Opportunity Commission ("NEOC") and the EEOC, the NEOC transferred the discrimination charge to EEOC for investigation. Filing No. 36, Exh. No. 4. EEOC initiated an investigation and reported that it has received conflicting responses from Dawes County regarding the circumstances surrounding the termination of Hack's employment. Filing No. 49 at 13.

On August 29, 2007, EEOC issued a Letter of Determination finding reasonable cause to believe that Dawes County violated the ADEA and that it subjected Hack to discrimination by terminating (through forced retirement) Hack's employment. Filing No. 36, Exh. No. 9. Dawes County maintains its position that Hack voluntarily retired and the County has no "stress test policy." Filing No. 38 at 4. On September 17, 2007, Dawes County sent a letter to EEOC disputing the agency's cause finding. Filing No. 36, Exh. No. 11.

EEOC then sent Dawes County a letter on September 18, 2007, declining the defendant's request that the EEOC rescind its letter of determination. Filing No. 36, Exh. No. 12. Because Dawes County never responded to this letter, EEOC issued a notice of conciliation failure on September 18, 2007. Filing No. 36, Exh. No. 13. Because the attempted process of conciliation failed, EEOC filed the complaint in this action on September 20, 2007, pursuant to the agency's authority under § 7(b) of the ADEA, 29 U.S.C. § 626(b), as amended by § 2 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705. Filing No. 1.

On January 8, 2009, plaintiff EEOC filed its motion for partial summary judgment, requesting judgment in its favor regarding six of the defendant's affirmative defenses–specifically in regards to the defendant's first, second, third, fourth, fifth, and

ninth affirmative defenses. Filing No. 34. On January 15, 2009, defendant Dawes County filed an amended answer, eliminating those six affirmative defenses. Filing No. 42. The defendant's amended answer now asserts three affirmative defenses *only*, none of which the plaintiff challenged in its motion for partial summary judgment. *See* Filing No. 42.

On January 20, 2009, the defendant filed its amended motion for summary judgment. Filing No. 43. In its amended motion, the defendant asserts that the court should grant judgment in the defendant's favor because the plaintiff has failed to meet its evidentiary burden under the *McDonnell Douglas* burden-shifting test. Filing No. 38; *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973).

## STANDARD OF REVIEW

Summary judgment is proper if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Cordry v. Vanderbilt Mortg. & Fin., Inc.*, 445 F.3d 1106, 1109-1110 (8th Cir. 2006) (citing *Bockelman v. MCI Worldcom, Inc.*, 403 F.3d 528, 531 (8th Cir. 2005)). The proponent of a motion for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). The proponent need not, however, negate the opponent's claims or defenses. *Id*. at 324–25.

In response to the proponent's showing, the opponent's burden is to "come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus.*

...

Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)).  A "genuine" issue of material fact is more than "some metaphysical doubt as to the material facts." *Id*. at 586.

"[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).  "If the evidence is merely colorable . . . or is not significantly probative . . . summary judgment may be granted." *Id*. at 249–50 (citations omitted).  Summary judgment is "properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" *Celotex Corp., 477 U.S. at 327* (quoting Fed. R. Civ. P. 1).

"Because employment discrimination cases frequently turn on inferences rather than direct evidence, the court must be particularly deferential to the party opposing summary judgment." *Bell v. Conopco, Inc.*, 186 F.3d 1099, 1101 (8th Cir. 1999).

## DISCUSSION

### 1. Plaintiff's Motion for Partial Summary Judgment

Because the defendant struck all six of the affirmative defenses the plaintiff challenged in its motion for partial summary judgment (*see* Filing No. 42), the court denies the plaintiff's motion for partial summary judgment (Filing No. 34) as moot.

### 2. Defendant's Motion for Summary Judgment

In its motion for summary judgment, Dawes County argues that the plaintiff has failed to meet its burden and establish a prima facie case of discrimination under the *McDonnell Douglas* burden-shifting framework.  Upon review of the record and applicable

5

law, the court finds that EEOC has presented sufficient direct evidence to establish a prima facie case for age discrimination and the defendant has failed to demonstrate a non-discriminatory reason for its adverse employment action. Consequently, summary judgment in this case at this stage in the proceedings is not proper.

The defendant is mistaken in arguing that the plaintiff has failed to meet its burden under *McDonnell v. Douglas*. Because the plaintiff has put forth direct evidence of discrimination, the plaintiff must meet the burden established for direct discrimination cases in *Price Waterhouse*–not the burden for indirect discrimination cases in *McDonnell Douglas*. See *Radabaugh v. Zip Feed Mills, Inc.*, 997 F.2d 444, 448 (8th Cir. 1993) (citing *Price Waterhouse v. Hopkins*, 490 U.S. 228, 247 (1989)). In cases where the plaintiff puts forth direct evidence of discrimination, the court does not apply the framework established in *McDonnell Douglas*. *Perry v. Kunz*, 878 F.2d 1056, 1059 (8th Cir. 1989) (holding that "where a case for discrimination is proved by direct evidence it is incorrect to rely on a *McDonnell Douglas* form of rebuttal.").[1]

"Under the ADEA, a plaintiff may demonstrate age discrimination by either direct or indirect evidence." *Fast v. Southern Union Co., Inc.*, 149 F.3d 885, 889 (8th Cir. 1998). "Direct evidence is evidence of conduct or statements by persons involved in the decision-making process that may be viewed as directly reflecting the alleged discriminatory attitude . . . sufficient to permit the fact finder to infer that that attitude was more likely than not a motivating factor in the employer's decision." *Walton v. McDonnell Douglas Corp.*, 167 F.3d 423, 426 (8th Cir. 1999) (internal quotations and citations

---

[1] See *Price Waterhouse*, 490 U.S. at 250 ("[W]e have concluded that the plaintiff who shows that an impermissible motive played a motivating part in an adverse employment decision has thereby placed upon the defendant the burden to show that it would have made the same decision in the absence of the unlawful motive.").

6

omitted).  Thus, the Eighth Circuit Court of Appeals has reasoned that discriminatory statements "uttered by individuals closely involved in employment decisions . . . [are] sufficient to entitle a plaintiff to a *Price Waterhouse*" framework, in place of the *McDonnell Douglas* burden-shifting analysis that courts apply when a plaintiff can only present indirect evidence of discrimination. *Radabaugh,* 997 F.2d at 449; *Fast,* 149 F.3d at 889 ("When a plaintiff puts forth direct evidence that an illegal criterion, such as age, was used in the employer's decision to terminate the plaintiff, the burden-shifting standards applied in *Price Waterhouse v. Hopkins*, are applied.") (citing *Price Waterhouse,* 490 U.S. at 258, as modified by § 107 of the Civil Rights Act of 1991, 42 U.S.C. §§ 2000e-2(m)).

In the present case, the plaintiff has put forth direct evidence of age discrimination. Specifically, the plaintiff has put forth evidence that Finneman (Hack's direct supervisor) made discriminatory statements to Hack about his age.  EEOC asserts that Finneman told Hack that he would have to take a stress test because he was over the age of 70.  The plaintiff also alleges that Finneman told Hack that he would likely not pass this test, and that he should quit his job.[2]  As Hack's direct supervisor, this court concludes that Finneman is an individual "closely involved in employment decisions."  Further, based on the evidence of Hack's supervisor's statements, the plaintiff has presented sufficient evidence to demonstrate that a discriminatory attitude "more likely than not [constituted] a motivating factor in the employer's decision" to threaten Hack with a discriminatory stress test based on his age and force him to retire–the alleged adverse employment action. While the defendant disputes the plaintiff's factual allegations that Dawes County really

---

[2] The plaintiff also asserts that Mr. Madsen, who as County Commissioner at the time worked as another one of Hack's supervisors, made discriminatory statements to Hack regarding his age.  Filing No. 49 at 6-7.

7

intended to make Hack pass a stress test,[3] that is a factual dispute for a jury to decide; such factual disputes are not proper for a court to decide on summary judgment. *Bell,* 186 F.3d at 1101 (Summary judgment is not proper when "genuine issues of material fact" remain in dispute."). In this case, the plaintiff has satisfied its burden of establishing a prima facie case of age discrimination.

"[O]nce a plaintiff establishes a prima facie case of discrimination, the burden of production then shifts to the employer to articulate a legitimate, non-discriminatory reason for its employment action." *King v. United States,* 553 F.3d 1156, 1162 (8th Cir. 2009) (internal quotations omitted). In this case, however, the defendant has offered no non-discriminatory reasons for its employment action. Instead of giving a non-discriminatory reason to justify Finneman's statements to Hack, the defendant has merely disputed the plaintiff's factual assertion that Hack's employer would have actually required him to take the test. Filing No. 38 at 9. Dawes County now argues that it did not commit an adverse employment action because it did not intend to make Hack take the stress test, and therefore, Hack voluntarily retired.

Whether the defendant actually intended to subject Hack to a discriminatory stress test based on his age is a factual dispute for the jury's consideration, and is not properly before this court on summary judgment. Further, the defendant's assertion that Hack voluntarily retired does not constitute a "non-discriminatory reason" that would satisfy the defendant's burden to respond to the plaintiff's prima facie case of age discrimination. Instead, the record in this case shows that the defendant has failed to put forth any non-

---

[3] In its brief in support of its motion for summary judgment, the defendant asserts that "[n]o stress test was ever instituted by DC, nor was the issue ever brought before the Board of Commissioners. DC does not have nor has it ever had a policy requiring employees to take a stress test." Filing No. 38 at 4.

discriminatory explanation for the supervisor's alleged statements to Hack that all employees over 70 would have to the stress test and that Hack would likely not pass, so he should "just as well quit."

Accordingly, the court finds that the plaintiff has put forth sufficient evidence to establish a prima facie case of direct age discrimination, and the plaintiff, therefore, has met its burden as established in *Price-Waterhouse*. Because the defendant has put forth no non-discriminatory reasons for its alleged adverse employment action, the defendant is not entitled to summary judgment.

## CONCLUSION

For the aforementioned reasons, the defendant's amended motion for summary judgment is denied, and the plaintiff's motion for partial summary judgment is denied as moot. Accordingly,

IT IS ORDERED:

1. Defendant Dawes County's amended motion for summary judgment (Filing No. 43) is denied; and

2. The plaintiff's motion for partial summary judgment (Filing No. 34) is denied as moot.

DATED this 30th day of March, 2009.

BY THE COURT:

s/ Joseph F. Bataillon
Chief District Judge